Filed 7/28/26  Barajas v. Vasquez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MARIA OCHOA BARAJAS, | H052737 |
| Plaintiff and Appellant, | (San Benito County Super. Ct. No. CU-23-00168) |
| v. | |
| RUFINO VASQUEZ et al., | |
| Defendants and Respondents. | |

Plaintiff Maria Ochoa Barajas, a self-represented litigant, appeals from a judgment confirming an arbitration award.  The arbitration involved a business dispute between Ochoa Barajas and defendants (1) Rufino Vasquez; (2) Yin Ting; (3) Fengxiang Zhao; (4) Rosalinda Perez; (5) J.M. Supermarkets, Inc., doing business as Los Cuates Supermercado Y Taqueria (J.M. Supermarkets); and (6) Los Cuates Supermercado.[1]

On appeal, we understand Ochoa Barajas to contend that she was the victim of fraud, identity theft, and forgery, as purportedly reflected in documents attached as exhibits to her opening brief, and that she suffered mental and physical effects as a result, warranting reversal of the judgment.  She also raises additional arguments in her reply brief on appeal.

For reasons that we will explain, we will affirm the judgment.

---

[1] It is not clear from the record on appeal whether (1) Los Cuates Supermercado and (2) J.M. Supermarkets, Inc., doing business as Los Cuates Supermercado Y Taqueria, are separate entities or refer to the same entity.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. *Business Dispute*

According to the arbitrator's award, plaintiff Ochoa Barajas owned J.M. Supermarkets. In 2023, she sold the business to defendants Vasquez and Ting and turned over control of the business to them. Defendant Zhao, who was apparently Ting's husband, was manager of the business. Ochoa Barajas later claimed that the sale was not completed and apparently attempted to take back the business.

## B. *Civil Action*

Ochoa Barajas filed a civil action in 2023. In the operative verified first amended complaint, Ochoa Barajas alleged that she was supposed to retain 80 percent ownership of J.M. Supermarkets, but that defendants Vasquez and Zhao refused to sign a final agreement to that effect. Ochoa Barajas alleged breach of contract and/or other claims against the following defendants: (1) Vasquez; (2) Ting; (3) Zhao; (4) Rosalinda Perez, a former employee who allegedly conspired with some of the defendants; (5) J.M. Supermarkets, and (6) Los Cuates Supermercado.

## C. *Petition to Compel Arbitration*

Defendants filed a petition to compel arbitration based on an arbitration clause contained in an addendum to a promissory note related to the sale of the business.

Ochoa Barajas filed opposition to the petition to compel arbitration. She contended, among other arguments, that the promissory note's addendum, which contained the arbitration clause, was unenforceable. Although she objected to contractual arbitration, Ochoa Barajas indicated in her opposition brief that she was nevertheless willing to stipulate to judicial arbitration with all defendants and with a waiver of the right to a trial de novo. Attached to her opposition brief was a proposed stipulation to arbitration. However, the stipulation also contained disputed factual assertions, such as that Ochoa Barajas "is . . . owner" of J.M. Supermarkets, and that the parties were negotiating for a "joint venture" in which Ochoa Barajas would retain some ownership interest in the business.

2

The trial court granted defendants' petition to compel arbitration.

**D.** *Arbitration*

The arbitration took place in August 2024. According to the October 2024 final arbitration award, the arbitration encompassed all issues and claims relating to, and arising from, the court and arbitration pleadings. The arbitrator ultimately found that after Ochoa Barajas sold the business, she attempted to "intimidate" Vasquez and Ting and "ruin" the business. The arbitrator found in favor of Vasquez and Ting on contract and tort claims, awarded monetary damages among other amounts, and issued declaratory relief.

In the meantime, Ochoa Barajas apparently filed for bankruptcy in April 2024. By order filed in June 2024, the bankruptcy court granted a motion by Vasquez and Ting for relief from the automatic bankruptcy stay.

**E.** *Petition to Confirm and Petitions to Vacate the Arbitration Award*

In October 2024, a petition to confirm the arbitration award was filed. The petition is not contained in the record on appeal.

On November 6, 2024, the trial court granted the petition to confirm the arbitration award.

On November 7, 2024, Ochoa Barajas filed a petition to vacate the arbitration award. The petition is not contained in the record on appeal.

On November 18, 2024, Ochoa Barajas filed an amended petition to vacate the arbitration award, using a Judicial Council form. In the amended petition, she requested that the arbitration award be corrected, but she did not state how the award should be corrected and she did not set forth any facts supporting a correction. Ochoa Barajas also contended that the award should be vacated because it "was obtained by corruption, fraud, or other unfair means," and "the arbitrator unfairly refused to postpone the hearing or to hear evidence useful to settle the dispute." She did not set forth any facts to support these contentions.

On November 19, 2024, the trial court filed a judgment in favor of defendants.

3

On November 21, 2024, Ochoa Barajas filed a notice of appeal from the judgment.

## II. DISCUSSION

Before analyzing Ochoa Barajas's claims on appeal, we first consider the parties' requests for judicial notice.

### A. *Requests for Judicial Notice*

#### 1. Ochoa Barajas

Ochoa Barajas filed a request for judicial notice of four documents. The record on appeal already contains these documents either in the clerk's transcript and/or based on Ochoa Barajas's motion to augment, which this court previously granted. Consequently, Ochoa Barajas's request for judicial notice is denied in its entirety.

#### 2. Defendants

Defendants filed two separate requests for judicial notice.

In their first request for judicial notice filed on February 2, 2026, defendants seek judicial notice of three categories of documents: (1) documents filed in the trial court in the instant case, (2) documents filed in the arbitration, and (3) documents filed in other cases involving Ochoa Barajas. Regarding the documents filed in the trial court in the instant case, the record on appeal already contains these documents based on defendants' motion to augment, which this court previously granted. Regarding the documents filed in the arbitration and the documents filed in other cases involving Ochoa Barajas, defendants fail to persuasively demonstrate the relevance of the documents to the disposition of this appeal, aside from the bankruptcy court's order granting relief from the automatic stay which is already part of the record on appeal. Consequently, we deny defendants' first request for judicial notice (February 2026) in its entirety.

In defendants' second (supplemental) request for judicial notice filed on March 5, 2026, defendants seek judicial notice of a stipulation for mediation and arbitration that was signed by Ochoa Barajas and her counsel at the time, and that was filed in the arbitration. Ochoa Barajas opposes the request for judicial notice. Although she does not dispute the

4

existence of the stipulation, she contends that she did not "knowingly execute[]" it and that she did not "knowingly agree[]" to arbitration. Ochoa Barajas argues that judicial notice of the stipulation is therefore limited and that the stipulation is not conclusive evidence of a valid arbitration agreement. The record does not reflect that the stipulation, which was filed in the arbitration, was presented to the trial court. " 'Reviewing courts generally do not take judicial notice of evidence not presented to the trial court' absent exceptional circumstances. [Citation.]" ((*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2.) No such showing has been made here. We therefore deny defendants' second (supplemental) request for judicial notice filed on March 5, 2026.

## B. *General Appellate Rules*

On appeal, " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) In other words, "the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).)

To affirmatively show error, the appellant has "the burden . . . to provide an adequate record to assess error." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson*, *supra*, 5 Cal.5th at p. 609.) In other words, " ' "if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.]" (*Ibid*.)

An appellate court's review is generally "confined . . . to the proceedings which took place in the court below and are brought up for review in a properly prepared record on appeal [citation]." (*USLIFE Savings & Loan Assn. v. National Surety Corp.* (1981) 115 Cal.App.3d 336, 343 (*USLIFE* ).) " 'No facts outside the record and no affidavits

which were not before the trial court can be considered on appeal.' [Citations.]" (*Dryer v. Dryer* (1964) 231 Cal.App.2d 441, 451 (*Dryer*).) Consequently, factual allegations "which are not in the record, but only in the briefs, cannot be considered by an appellate court." (*Ibid.*; accord, *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 463.) In other words, " 'if it is not in the record, it did not happen.' " (*Jameson*, *supra*, 5 Cal.5th at p. 609, fn. 11.)

"A party filing a brief may attach copies of exhibits or other materials" but these attachments must already be part of "the appellate record." (Cal. Rules of Court, rule 8.204(d).)[2] An appellate court will not consider material that is included with an appellate brief but that is "not part of the appellate record." (*Ilczyszyn v. Southwest Airlines Co.* (2022) 80 Cal.App.5th 577, 587, fn. 9 (*Ilczyszyn*).)

Lastly, "[t]o demonstrate error, [the] appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; see Rule 8.204(a)(1)(B), (C).) "[C]onclusory claims of error will fail." (*In re S.C.*, *supra*, at p. 408.) "[I]t is not an appellate court's job to develop arguments for the parties." (*Jefferson Street Ventures, LLC v. City of Indio* (2015) 236 Cal.App.4th 1175, 1196, fn. 2 (*Jefferson*).)

### C. *Ochoa Barajas Fails to Meet Her Burden on Appeal to Show Reversible Error*

#### 1. Opening brief

In her opening brief on appeal, Ochoa Barajas requests that this court "[v]acate the prior dismissal," "[r]einstate the appeal," "[r]emand the matter," and "[a]cknowledge the evidence of fraud and identity theft . . . ." She contends that "[s]he was targeted through falsification of her signature, identity theft, document manipulation, and coercion." According to Ochoa Barajas, "[t]hese criminal acts culminated in mental incapacity and a medical emergency requiring ambulance intervention, rendering her unable to understand or

---

[2] All further rule references are to the California Rules of Court.

respond to court notices." Ochoa Barajas contends that "[s]he lacked the evidence at the time—evidence that now exists—which proves the fraud committed against her and demonstrates that the dismissal was unjust and unsupported by a complete record." Ochoa Barajas has attached documents as exhibits to her opening brief on appeal. All the documents are dated after the judgment was filed in this case, and the documents do not appear to have been filed in the trial court.

Ochoa Barajas fails to demonstrate reversible error in her opening brief on appeal. First, the record does not reflect that the trial court dismissed the instant case, No. CU-23-00168. To the extent Ochoa Barajas is referring to this court twice dismissing her appeal, this court vacated the dismissal each time upon motion by Ochoa Barajas, and the appeal ultimately proceeded to normal briefing.

Second, regarding Ochoa Barajas's claims of "falsification of her signature, identity theft, document manipulation, and coercion" and the impact on her health, Ochoa Barajas does not persuasively articulate how these issues demonstrate error in the trial court's rulings. She also does not provide relevant legal authority to support her arguments or to support the relief that she seeks from this court.

Third, it does not appear that the documents attached to Ochoa Barajas's opening brief on appeal were filed in the trial court. Ochoa Barajas does not provide any legal authority establishing that we may consider these documents for the first time on appeal. (See, e.g., *USLIFE*, *supra*, 115 Cal.App.3d at p. 343 [explaining that appellate review is generally limited to proceedings that took place in the trial court]; *Dryer*, *supra*, 231 Cal.App.2d at p. 451 [stating that facts outside the appellate record and not before the trial court may not be considered on appeal]; *Ilczyszyn*, *supra*, 80 Cal.App.5th at p. 587, fn. 9 [explaining that an appellate court will not consider materials that are not part of the appellate record].)

Fourth, to the extent Ochoa Barajas seeks to dispute the findings of the arbitrator, " ' "arbitration awards are generally immune from judicial review." ' [Citation.]"

7

(*Berglund v. Arthroscopic & Laser Surgery Center of San Diego, L.P.* (2008) 44 Cal.4th 528, 534, fn. omitted.)  Courts in general may not review the merits of the dispute, the sufficiency of the evidence, or the reasoning in support of the arbitrator's decision. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11.)

In sum, Ochoa Barajas fails in her opening brief on appeal to meet her burden to show reversible error by the trial court.

### 2. Reply brief

In her reply brief on appeal, Ochoa Barajas raises several new arguments.  She contends:  (1) defendants failed to establish that she knowingly and voluntarily agreed to arbitrate; (2) "[n]ewly discovered evidence obtained after arbitration raises substantial questions concerning authenticity and execution of documents relied upon to establish consent"; (3) she was in "active" bankruptcy "[a]t the time arbitration was pursued"; and (4) the trial court erred by filing a judgment confirming the arbitration award while her petition to vacate the award was pending.

Defendants filed an objection to Ochoa Barajas's reply brief on the grounds that it raises new arguments, among other procedural defects.  Defendants state that they "object instead of moving to strike as this case should proceed to oral argument and decision without delay."

We do not consider arguments raised for the first time in the reply brief unless good reason is shown for the failure to present the arguments in the opening brief.  (*Feitelberg v. Credit Suisse First Boston, LLC* (2005) 134 Cal.App.4th 997, 1022.)  Ochoa Barajas has not offered any reason for her failure to present these arguments earlier.  Consequently, the arguments have been forfeited.

However, even if we were to consider the merits of Ochoa Barajas's arguments raised in her reply brief, she fails to meet her burden to show reversible error.

First, regarding whether there was a valid agreement to arbitrate, Ochoa Barajas fails to sufficiently develop her argument, including by providing supporting citations to the

8

record on appeal and by citing relevant legal authority, to demonstrate error. (See *In re S.C.*, *supra*, at p. 408; *Jefferson*, *supra*, 236 Cal.App.4th at p. 1196, fn. 2.) To the extent her argument regarding the absence of a valid arbitration agreement is based on purported "[n]ewly discovered evidence," Ochoa Barajas fails to provide relevant legal authority establishing that this court may consider new evidence that was not brought before the trial court. (See, e.g., *USLIFE*, *supra*, 115 Cal.App.3d at p. 343; *Dryer*, *supra*, 231 Cal.App.2d at p. 451; *Ilczyszyn*, *supra*, 80 Cal.App.5th at p. 587, fn. 9.)

Second, regarding Ochoa Barajas's contention that she was in "active" bankruptcy "[a]t the time the arbitration was pursued," she fails to sufficiently develop this argument and provide relevant factual and legal citations demonstrating error. Further, the record reflects that the bankruptcy court granted relief from the automatic stay.

Third, regarding the trial court's failure to rule on her petition to vacate the arbitration award before filing a judgment confirming the award, Ochoa Barajas fails to demonstrate prejudicial error. (See *F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107-1108 [explaining that a reviewing court is generally prohibited from reversing a judgment due to trial court error unless the error is prejudicial].) It appears from the register of actions contained in the record on appeal that Ochoa Barajas initially filed a petition to vacate the arbitration award on November 7, 2024. This petition is not contained in the record on appeal. Without a copy of the November 7, 2024 petition and adequate argument by Ochoa Barajas demonstrating the merits of the petition, she fails to demonstrate that she was prejudiced by the trial court's failure to rule on the petition. Ochoa Barajas subsequently filed an amended petition to vacate the arbitration award on November 18, 2024. Although she requested in this amended petition that the award be corrected, or vacated on various grounds, she did not set forth any facts supporting the requested relief. On appeal, she similarly fails to demonstrate, with supporting record citations and relevant legal authority, that she was entitled to correction or vacation of the arbitration award. On this record,

9

Ochoa Barajas fails to demonstrate that she was prejudiced by the trial court's failure to rule on either her initial petition or amended petition to vacate the arbitration award.

In sum, Ochoa Barajas fails to meet her burden on appeal "to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson*, *supra*, 5 Cal.5th at p. 609.) Accordingly, we will affirm the judgment.

### III. DISPOSITION

The judgment is affirmed.

_____
Greenwood, P. J.

WE CONCUR:


_____
Danner, J.




_____
Bromberg, J.



H052737 - Ochoa Barajas v. Vasquez et al.

11